**QING HUA LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 08–0373–ag.

United States Court of Appeals, Second Circuit.

Jan. 23, 2009.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Mark C. Walters, Assistant Director, Julie M. Iversen, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Hua Lin ("Lin"), a native and citizen of the People's Republic of China, seeks review of the January 10, 2008 order of the BIA affirming the September 26, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Hua Lin,* No. A95 673 387 (B.I.A. Jan. 10, 2008), *aff'g* No. A95 673 387 (Immigr. Ct. N.Y. City Sept. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the "BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir. 2007).

 We find that the multiple specific examples of discrepancies between Lin's testimony and the record provide substantial evidence in support of the agency's adverse credibility determination. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). For example, the agency properly relied on inconsistencies between Lin's admittedly false account of her past experiences as told to U.S. immigration officials at both her airport and credible fear interviews,[1] and the supposedly genuine account offered in support of her claims for relief before the agency. *See Yun–Zui Guan,* 432 F.3d at 398 (finding that it was proper for the agency to "rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses"). Contrary to Lin's argument,

---

1. We find that Lin's airport interview statement was sufficiently reliable to merit consideration by the agency in its credibility analysis. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Lin does not challenge the agency's reliance on her credible fear interview statement.

**562**

the IJ "explicitly acknowledged" her explanation for the differences between the two accounts and found it "unpersuasive." *See id.* at 399. Nothing in the record demonstrates that any reasonable adjudicator would have been compelled to reach the opposite conclusion. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

■ Moreover, we afford deference to the IJ's assessment of Lin's demeanor, particularly where, as here, the IJ gave specific examples in support of his conclusions. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007); *Majidi,* 430 F.3d at 81 n. 1. We also find no error in the IJ's conclusion that the genuineness of Lin's fear on account of her "illegal" departure from China was undermined by her admissions that she left that country using a passport bearing her name and photograph and that she had no difficulty passing through Chinese government inspections.[2]

■ Because the adverse credibility determination was supported by substantial evidence, the agency properly found that Lin failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each claim was based upon the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. In any event, Lin's arguments do not persuasively rebut the BIA's findings that she failed to demonstrate eligibility for asylum or withholding of removal, *see Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992), or CAT relief, *see Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005), based on her alleged illegal departure.

